UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>LEE JONES,<br><br>*Defendant.* | Crim. Action No.: 3:14-cr-00669 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on Defendant Lee Jones's ("Defendant" or "Mr. Jones") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 40). Defendant is a 31-year-old inmate serving a 108-month term of imprisonment on drug and weapons possession charges. He is presently incarcerated at Canaan, USP and has approximately 4.5 years remaining on his sentence. He claims that recent changes in the law – namely, the First Step Act of 2018 and the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) – warrant a sentence reduction. The Court heard oral argument on March 29, 2021. For the reasons that follow, Defendant's motion is denied.

### FACTUAL BACKGROUND

On January 29, 2016, Mr. Jones pleaded guilty to (1) possession with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a) and (b)(1)(C); and (2) felon in possession of a firearm, contrary to 18 U.S.C. § 922(g)(1). (Judgment 1, ECF No. 29). At the sentencing hearing on September 26, 2016, the Court established that Mr. Jones fell into criminal history category VI and had an offense level of 29. (Sentencing Transcript ("Tr.") 16:19 – 17:7, ECF No. 36).

1

Based on those factors, the guidelines recommended a sentencing range of 151 to 188 months. (Tr. 20:5-16).

The Court considered Mr. Jones's past criminal conduct, which included possessing and distributing CDS in a school zone, aggravated assault, and theft. (Tr. 35:11-21, 37:15-19). Those offenses rendered him a career offender under the sentencing guidelines. (*Id.*). In addition, Mr. Jones had a prior parole violation in which he absconded from supervision. (Tr. 37:2-5). The Court also considered Mr. Jones's difficult childhood and the fact that he was released to federal custody on June 15, 2016 following a two-year state prison sentence which began in June 2014. (Tr. 17:17-23, 37:6 – 38:7, 40:10-18). Ultimately, the Court varied downward from the guidelines' recommended range and sentenced Defendant to a 108-month term of imprisonment, starting from June 15, 2016. (Tr. 38:15-21).

Mr. Jones appealed his sentence in March 2019. (ECF No. 37). The Third Circuit dismissed his appeal because of his delay in prosecuting the appeal and failure to respond to a May 21, 2019 Order to Show Cause. (ECF No. 39).

Defendant is currently serving his sentence at Canaan, USP. On January 26, 2021, he submitted the present pro se motion to this Court. (Moving Br., ECF No. 40). He requests a sentence modification pursuant to the First Step Act and *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Moving Br. 2). Based on the exhibits attached to Defendant's motion, he appears to assert that a sentence reduction is appropriate under Section IV of the First Step Act, which deals with sentencing reform. (Moving Br. 4-7). Specifically, he references Sections 401 (reducing mandatory minimum penalties for some drug offenders), 402 (broadening the safety valve provision at 18 U.S.C. § 3553(f)), 403 (clarifying 18 U.S.C. § 924(c) penalty provisions), and

404 (retroactively applying the Fair Sentencing Act of 2010). *Id.*; *see also First Step Act – Slideshows*, U.S. Sent'g Comm'n, 3, 5-20 (2019), https://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2019/FSA_slideshow.pdf.

In response, the United States argues that the relief Defendant seeks is not warranted under either the First Step Act or *Rehaif*. (*See* Opp. Br. 2-6, ECF No. 41).

## DISCUSSION & ANALYSIS

### A. Statutory Amendments

In general, a court may not modify an imposed term of imprisonment; however, it may do so to the extent expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B).

The First Step Act, enacted in December 2018, made several changes to the sentencing laws. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). Among other things, the Act reduced the length of mandatory minimum sentences for certain offenses, changed the types of offenses that trigger enhanced penalties, and retroactively applied certain provisions of the Fair Sentencing Act of 2010. U.S. Sent'g Comm'n, *supra*.

More specifically, Section 404 of the First Step Act allows a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act § 404(b). Section 2 of the Fair Sentencing Act amended the Controlled Substances Act to increase the quantity of cocaine required to impose a mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (1)(B)(iii). Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat 2372, § 2(a) (2010) ("Fair Sentencing Act"). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple possession under 21 U.S.C. § 844(a). Fair Sentencing Act § 3. Those provisions are inapplicable to Defendant because his offense involved heroin, not

3

cocaine, and the Court did not impose a mandatory minimum sentence. Further, Defendant pleaded guilty to an offense under 21 U.S.C. §§ 841(b)(1)(C), which was not amended by the Fair Sentencing Act or First Step Act.

Section 401 of the First Step Act amended the Controlled Substances Act to reduce mandatory minimum sentencing requirements for prior drug offenses under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). First Step Act § 401(a). It contains the following note about its applicability: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act § 401(c) (emphasis added). Because Defendant was sentenced in September 2016 – before the First Step Act was enacted – Section 401 is inapplicable. And, as previously stated, Defendant did not receive a mandatory minimum sentence, and pleaded guilty to 21 U.S.C. § 841(b)(1)(C) – not § 841(b)(1)(A) or (b)(1)(B).

Section 402 of the First Step Act amended 18 U.S.C. § 3553 to relieve courts from imposing mandatory minimum sentences where, among other things, a defendant does not have (1) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense; (2) a prior 3-point offense; and (3) a prior 2-point violent offense. First Step Act § 402(a)(1)(B); 18 U.S.C. § 3553(f). Section 402 also states that "The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act." First Step Act § 402(b). Like Section 401, Section 402 does not apply to Defendant because it is not retroactive. In addition, Defendant's criminal history would render him ineligible for relief under Section 402 even if he had been sentenced after the First Step Act was enacted – he accumulated a total of 9 criminal history points from three 3-point offenses committed in 2008, one of which was an aggravated assault. (PSR 13-15).

4

Section 403 of the First Step Act is not relevant to Mr. Jones's case because he was not subjected to stacked mandatory minimum sentences under 18 U.S.C. § 924(c).

**B. Case Law**

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. As a result, the government was required to prove that Rehaif knew he was unlawfully in the United States when he shot firearms at a shooting range.

While Mr. Jones does not articulate his precise argument in his brief, one can presume he relies on *Rehaif* for the proposition that the government failed to establish the scienter element of his § 922(g) offense; that is, whether he knew he was barred from possessing a firearm. However, at the plea hearing, Mr. Jones indicated that he knew he had committed a felony in 2010 – several years before he possessed the firearm in question. (Plea Agreement Tr. 27:15 – 28:13, ECF No. 26). Unlike the inmate in *Rehaif*, who may not have known he was unlawfully in the United States when he possessed a firearm, Mr. Jones certainly knew that he had been incarcerated for more than one year for aggravated assault, as evidenced by his answers to the government's questions at the plea hearing. (*See id.*). Therefore, unlike *Rehaif*, the government did not fail to establish the scienter element of the § 922(g) offense.

In a case with similar facts, the Third Circuit concluded that, even though the prosecution "did not specifically advise [the defendant] that the felon-in-possession offense would require the Government to prove his knowledge of his status as a convicted felon," the defendant admitted at his change-of-plea hearing that he had spent more than one year in prison on prior drug offenses, providing "substantial evidence" that he knew he was a felon at the time he possessed the

firearm. *United States v. Sanabria-Robreno*, 819 F. App'x 80, 82-83 (3d Cir. 2020). The Court found that there was "no reasonable probability that the District Court's recitation of *Rehaif*'s knowledge element would have changed [the defendant's] decision to plead guilty." *Sanabria-Robreno*, 819 F. App'x at 83. Likewise, the line of questioning at Mr. Jones's plea hearing sufficiently demonstrated his awareness that he was a convicted felon before he possessed the firearm.

## CONCLUSION

In sum, Defendant has not demonstrated that either the First Step Act or *Rehaif* provide grounds to reduce his sentence at this time. For the foregoing reasons, his motion for a sentence reduction is denied.

## ORDER

**THIS MATTER** having come before the Court on Defendant Lee Jones's motion for a sentence reduction, (ECF No. 40); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

**IT IS** on this 24 day of May, 2021,

**ORDERED** that Defendant's motion for compassionate release, (ECF No. 40), is **denied**.

_____
PETER G. SHERIDAN, U.S.D.J.