UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff*<br>  v.<br><br>LEE JONES,<br><br>     *Defendant.* | Crim. Action No.: 3:14-cr-00669<br><br>**MEMORANDUM AND ORDER** |

  Defendant Lee Jones brings this pro se motion to correct his sentence under Fed. R. Crim. P. 35. (ECF No. 60). Jones' motion is denied.

  Jones pled guilty to possession with intent to distribute heroin (21 U.S.C. §§ 841(a) and (b)(1)(C)) and felon in possession of a firearm (18 U.S.C. § 922(g)(1)). (ECF No. 29). His guideline level was 29 with a criminal history of VI. (Sentencing Transcript ("Tr.") 16:19 – 17:17, ECF No. 36). The Guidelines recommended a sentencing range of 151 to 188 months; however, this Court varied downward, and Jones was sentenced to 108 months in prison. (Tr. 20:5-16, 38:15-21). He has approximately four years remaining on his period of incarceration.

  Jones previously appealed the Court's judgment to the Third Circuit, but the appeal was dismissed for Jones' failure to prosecute. (ECF No. 39). Jones also filed a motion to reduce his sentence under the First Step Act, 18 U.S.C. §

1

3582(c)(1)(A), (ECF No. 40), and a second motion to reduce his sentence, (ECF No. 50), both of which this Court denied. (ECF Nos. 46, 57).

This time, it is difficult to discern what legal basis Jones believes entitles him to have his sentence corrected. For instance, in his brief, Jones cites to court rules which do not exist. Primarily, however, Jones argues that Criminal Rule 35 permits his application because there were mistakes in the presentence report.

Under Rule 35, a court may only "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. Jones was sentenced on September 26, 2016, (ECF No. 29), and nearly six years have passed since that date. As such, Jones was not entitled to relief under Rule 35. Beyond the fourteen day window, a district is without jurisdiction to correct a defendant's sentence. *United States v. Hight*, 611 Fed. App'x 65, 66 (3d Cir. 2015); *see also United States v. Higgs*, 504 F. 3d 456, 462-63 (3d Cir. 2007). As such, Jones' Rule 35 motion is denied.

Within Jones' motion, he alleges several other issues which are not correct. For example, he faults the Court for sentencing him as if the Guidelines were mandatory. To the contrary, the Court varied downward significantly by reducing Jones' sentence by 43 months (or about thirty percent) under the minimum Guidelines sentence. (ECF No. 29).

Secondly, Jones argues that the Court did not follow the sentencing procedures under Rule 32. The sentence was undertaken in the usual manner. At the sentencing hearing, Jones' attorney indicated that he reviewed the PSR with his client; the Court permitted Jones' attorney to speak at length on his behalf and present arguments in support of a lesser sentence; and the Court permitted Jones to speak on his own behalf. (Tr. 18:25-30:15). *See* Fed. R. Crim. P. 32(i)(1), (4). In sentencing Jones, the Court also went through the undisputed PSR and analyzed the sentencing factors under 28 U.S.C. § 3553(a). (Tr. 34:4-38:14). *See* Fed. R. Crim. P. 32(i)(3).

Lastly, Jones contends that I modified his sentence in the past, and that I should do it again. In one entry on the docket (ECF No. 50), the word "modified" appears, and it refers to a Clerk's office modification of the description of Mr. Jones' submission. As best as I can determine, I have not found any error with Jones' sentence, nor has the Court previously modified Jones' sentence.

ORDER

**IT IS** on this 24 day of May, 2022;

**ORDERED** that the motion to correct the Defendant's sentence under Rule 35 (ECF No. 60) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.